**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MUHAMMAD IBRAHIM HAWKINS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:26-cv-00858-RDA |
| | ) | |
| BRIGHTVIEW LANDSCAPING LLC | ) | |
| | ) | |
| *Defendants.* | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (the "Motion"). Dkt. 4; Dkt. 5. Plaintiff Muhammad Ibrahim Hawkins ("Plaintiff"), proceeding *pro se*, filed this civil action against Brightview Landscaping LLC ("Defendant") in the Circuit Court of Fairfax County. Dkt. 1-1 ("Complaint"). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Motion together with the Complaint (Dkt. 1-1), the Memoranda in Support (Dkt. 5), Plaintiff's Opposition (Dkt. 8), and Defendant's Reply (Dkt. 10), this Court GRANTS the Motion for the reasons that follow.

I. BACKGROUND

A. Factual Background[1]

Plaintiff is a former employee of Defendant. Dkt. 1-1 at 5.[2] Plaintiff seeks to "inform the world . . . [that the] evil, unjust people and jinn . . . ruined [his] life thru witchcraft, magic, and

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Plaintiff's Complaint recites a collection of grievances going back to 2016. Dkt. 1-1 ("This letter is to explain the reasoning behind why I was forced to drop out of school in the fall

sorcery." *Id.* at 4. Plaintiff alleges having "a list of names of individuals who [he is] 100% sure have and are using witchcraft and magic against [him]," although Plaintiff does not name them. Dkt. 1-1 at 5. Plaintiff's civil coversheet asserts that this matter is a "Personal Injury-Emotional" action and that "witchcraft and magic [are] against the law." *Id.* at 6. Plaintiff alleges experiencing "severe mental health issues" including "depression, insomnia, PTSD" and "suicidal thoughts." *Id.* at 5. Plaintiff seeks the "Death Penalty" against "these evil people and damages be paid." *Id.* 1-1 at 5-6.

### B. Procedural Background

On February 18, 2026, Plaintiff filed this action in Fairfax County Circuit Court. *Id.* On March 30, 2026, Defendant timely removed the action to this Court. Dkt. 1. On April 6, 2026, Defendant filed the pending Motion. Dkt. 4. On June 25, 2026, Plaintiff filed a response opposing the Motion (Dkt. 8), to which Defendant replied on June 30, 2026 (Dkt. 10).

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,'

---

of 2016, and to detail the events that led up to that."). Plaintiff also devotes several pages to discussing "types of Sihr" which is a form of black magic in Islam. *Id.*

nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## III. ANALYSIS

Plaintiff seeks relief against unnamed individuals for "witchcraft, magic, sorcery, Necromancy, hexes, curses, voodoo" cast upon him. Dkt. 5 at 3. Defendant seeks dismissal on 3 grounds: (1) Plaintiff failed to state a claim under Fed. R. Civ. P. 8 (a)(2); (2) Plaintiff's stream of consciousness style Complaint is overbroad and places an undue burden on Defendant to determine the nature of the claim; and (3) Plaintiff is time barred under the Va. Code Ann. § 8.01-243(A), which stipulates a two-year statute of limitations for personal injury actions. Dkt. 5 at 3-4. Because the Complaint fails to state a claim, the Motion will be granted.[3]

Although a Court must construe a *pro se* party's complaint liberally, a *pro se* plaintiff must nevertheless follow proper pleading rules and allege some comprehensible basis for the court's jurisdiction. *See Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (stating that a *pro se* complaint must still provide "more than labels and conclusions." (quoting *Bell Atl. Corp.*, 550 U.S. at 555) (internal quotation marks omitted)); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view . . . *pro se* complaints does not transform the court into an advocate" and "[o]nly those questions which

[3] The Court notes that, pursuant to the Notice of Removal, this Court has subject-matter jurisdiction based upon diversity. Dkt. 1.

are squarely presented to a court may properly be addressed.")A complaint lacks a factual basis when the allegations are "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Naja v. Zahir*, 2021 WL 5348671, at *6 (E.D. Va. Nov. 16, 2021) (quoting *Denton v. Hernandez*, 504 U.S. 25, 25 (1992)).

Here, Plaintiff's allegations are insufficient to state any claim upon which this Court may grant relief. The Complaint fails to abide by Rule 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). Moreover, the Complaint is filled with "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible" allegations. *Naja*, 2021 WL 5348671, at *6. For example, the Complaint includes allegations that "evil, unjust [unnamed] people and jinn . . . ruined [Plaintiff's] life thru [sic] witchcraft, magic, and sorcery." Dkt. 1-1 at 4. Plaintiff's argument hinges on allegations of "witchcraft, magic, sorcery, Necromancy, hexes, curses, voodoo" cast upon him. Dkt. 5 at 3. The rambling details of the Complaint do not provide a cognizable claim, identify any law Defendants violated, nor show any harm the Defendants imparted to Plaintiff. *See* Dkt. 1-1; *see also Harrison v. Hammond*, 2023 WL 6996569, at 2 (D.S.C. Oct. 24, 2023) (dismissing complaint that alleged that defendant is "trying his best to kill me with his witchcraft"). Ultimately, while Plaintiff's Complaint is entitled to liberal construction, that principle does not require this Court to act as Plaintiff's advocate or supply arguments that Plaintiff has failed to present. *See Jackson v. Dameron*, 171 F.4th 641, 650 (4th Cir. 2026) (recognizing "district courts are not the legal advocates of pro se litigants").

To the extent that Plaintiff's Complaint could be construed to assert a violation of a criminal statute, the Fourth Circuit is "loath to infer a private right of action from 'a bare criminal statute.'" *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000) (quoting *Cort v. Ash*, 422 U.S.

66, 80 (1975)); *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (finding no basis for implying a civil cause of action from relevant criminal code provisions).

Here, the Complaint's threadbare allegations provide no basis for inference of a private right of action from criminal statute. Plaintiff merely alleges that "witchcraft and magic [are] against the law." Dkt. 1-1 at 6. Plaintiff does not allege what law he brings such charges under, leaving this Court with no criminal statute to infer a private right of action. Dkt. 1-1 at 4-21. The Court cannot act as an advocate to formulate arguments or develop statutory claims that Plaintiff has failed to clearly raise on the face of the Complaint. Therefore, to the extent Plaintiff seeks civil relief or damages based upon alleged violations of federal criminal statutes, such claims must be dismissed.

Finally, to the extent that Plaintiff attempts to assert a personal injury claim, the statute of limitations for such claims is two years in Virginia. *See* Va. Code Ann. § 8.01-243(A); *Nomani v. Qarni*, 2023 WL 4203438, at *8 (E.D. Va. June 27, 2023) (dismissing pro se plaintiff's personal injury claim as time-barred after filing complaint four days after the statute of limitations expired). Plaintiff alleges injuries going back to 2016. Thus, any injuries against this Defendant prior to March 2024 (two years before the March 2026 filing of the Complaint), would be time-barred.

## IV. CONCLUSION

In short, Plaintiff's Complaint failed to make clear the basis for any cause of action against this Defendant. In deference to Plaintiff's *pro se* status, the Court will not dismiss this case with prejudice but will permit Plaintiff to file a motion for leave to amend.

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 4) is GRANTED; and it is

FURTHER ORDERED that the Complaint (Dkt. 1-1) is DISMISSED without prejudice;

and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file any motion to amend on or before Monday, November 9, 2026. Any proposed amendment must set forth the specific claims that Plaintiff is asserting and the factual basis for such claims. Plaintiff is hereby WARNED that, if Plaintiff fails to comply with this deadline, this civil action may be closed for failure to prosecute and failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41; and it is

FURTHER ORDERED that the Motion to Expedite (Dkt. 11) is DENIED as MOOT.

Alexandria, Virginia
September 27, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge